Argued October 9, 1930; affirmed January 20, 1931

# LARSEN *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(295 P. 195)

*William P. Lord,* of Portland (Lord & Moulton, of Portland, on the brief) for appellant.

*W. S. Levens,* of Salem (I. H. Van Winkle, Attorney General, of Salem, and Miles H. McKey, Assistant Attorney General, of Salem, on the brief) for respondent.

RAND, J. Plaintiff, a workman employed in the construction of a sewer at Astoria, sustained an injury for which he filed a claim for compensation under the Workmen's Compensation Act. The State Industrial Accident Commission, after a hearing thereon, entered an order rejecting the claim upon the ground that the accident causing the injury did not arise out of or in the course of plaintiff's employment. From this ruling he appealed to the circuit court of Clatsop county and, upon the trial of the cause, the court directed a verdict for the Commission and from the judgment entered therein, plaintiff has appealed.

It appears from the evidence that plaintiff was in the employ of a public contractor and engaged in the construction of a sewer at Astoria; that on the morning of the accident, while proceeding to his work, he rode to the place of work in an automobile as a guest of a fellow-workman; that, upon reaching the place of work, the driver of the automobile in which he was riding left the street for the purpose of parking his car and drove on to a platform projecting from the level of the street over property abutting the same. Instead of stopping on said platform, the driver drove over the edge thereof, causing the car to drop to the ground below, a distance of some ten feet, and causing plaintiff to sustain the injury complained of. It also appears from the evidence that the platform belonged to the owner of the abutting property and that the contractor had used the platform without the knowledge or consent of such owner as a place of storage for

a Fordson tractor, some pumps and a part of the tools used on the job, and that others were using it as a parking place for cars. Plaintiff also offered evidence tending to show that on the day of the accident the tools he would have used if he had not been hurt were stored on the platform but the car was not driven on the platform for the purpose of obtaining the tools, but in order to find a parking space only. The contractor, so far as the evidence shows, had never authorized or directed any of his employees to use the platform for a parking space, or for any purposes of their own. Defendant admits that plaintiff was subject to the act and would have been entitled to compensation if the injury sustained had been one which arose out of and in the course of his employment and that the accident occurred but a few moments before plaintiff would have commenced work if he had not been injured.

██ Under these facts, the sole question is whether plaintiff sustained "a personal injury by accident arising out of and in the course of his employment caused by violent or external means," within the meaning of those words as used in section 49-1827, Oregon Code 1930. Before a workman can be entitled to compensation under the act, the injury must both arise out of and also be received in the course of the employment. The words are used conjunctively and, therefore, both elements must coexist for neither alone is sufficient: *Blair v. State Ind. Acc. Comm.*, 133 Or. 450 (288 P. 204); *Brady v. Oregon Lumber Co.*, 117 Or. 188 (243 P. 96, 45 A. L. R. 812). The words "out of", as used in the statute, point to the origin or cause of the accident. The words "in the course of" point to the time, place and circumstances under which the accident takes place. The former are descriptive of the character or quality of the accident, while the latter relate to the circum-

stances under which an accident of that character or quality takes place: *Fitzgerald v. Clark*, 99 L. T. 101 (1 B. W. C. C. 197); 2 Boyd, Workmen's Compensation, § 472; *Blair v. State Ind. Acc. Comm.*, supra. Before an accident can be said to arise out of the employment,. the injury must be directly traceable to the nature of the work or to some risk to which the employer's business exposes the employee. The risk must be reasonably incidental to the employment: *Coronado Beach Co. v. Pillsbury*, 172 Cal. 682 (158 P. 212, L. R. A. 1916F, 1164); *Brady v. Oregon Lumber Co.*, supra. *In re McNicol et al.*, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306), the court, speaking through Mr. Chief Justice Rugg, said:

" * * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must

appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.''

■ Applying these principles to the facts of the instant case, it seems plain that plaintiff's injury neither arose out of nor in the course of his employment. He was not at the time at work or performing any duty which he owed to the master, nor was he doing any act to further his master's interests. He rode upon the platform for purposes of his own and, in doing so, he incurred a risk which was not incidental to his employment but which was shared in common by all members of the public who might use the platform for parking purposes. The accident, therefore, did not arise in the course of his employment nor did it arise out of his employment, for there was no causal connection between the employment and the injury received. If his duties had required him to go upon the platform as a part of his work and he had then sustained an injury because of his being there in the performance of such duties, the situation might be different, but under the circumstances disclosed by the record he was there for purposes purely his own and not in the performance of any duty owed to the master.

For these reasons, it was proper for the court to direct a verdict for the defendant. The judgment must, therefore, be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.