In the Matter of the Claim of HELEN McSWEENEY, Respondent, against RAILWAY EXPRESS AGENCY, INC., Employer and Self-Insurer, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Decedent died from heat prostration. He was engaged in operating a tractor which drew trailers from one railway express station to another. He was stricken while sitting in a tractor, at the employer's Long Island City Express Terminal, at a time when the temperature was 100 degrees. The evidence sustains the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of Mrs. LORETTA SINCLAIR, Respondent, against WALLACH LAUNDRY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation to claimant, the widow of deceased employee, who was employed as a route salesman by the employer and with others was instructed to attend a dinner and demonstration of rug cleaning at a factory in Jamaica, Long Island. Transportation was to be furnished to and from said dinner and demonstration. While being transported back to his home an accident occurred causing his death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of ELLA M. MITCHELL, Respondent, against BUFFALO COLD STORAGE COMPANY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board. The deceased was at the time of the accident fifty-five years of age and practically in the prime of his life. On the evening of April 18, 1935, when he went to the plant of his employer to assume his duties as night engineer, he was in good health. He made no complaints of any kind of any physical ailments and he had not had the services of a doctor for a long period of time. He was found lying prostrate on the platform which was suspended in the engine room about seven feet from the floor. He was discovered in this position by a night watchman. The medical proof established that the decedent died from accidental injuries due to ammonia gas poisoning. The proof of death recites the cause as ammonia fumes from engine room of cold storage plant. The decedent's position required him to be present and mentally alert at all times while the machinery was in operation. Specimens of blood were removed from the decedent and delivered to the city chemist who reported an abnormal amount of ammonia found in the blood of decedent which confirmed his previous opinion incorporated in the death certificate. There was thirty times the amount of ammonia in the blood than there should have been. The evidence fully supported the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.