Samuel W. Eager, J.
In an action grounded in negligence to recover damages for personal injuries, defendant moves for summary judgment dismissing the complaint on the ground that plaintiff’s sole and exclusive remedy is that afforded by the Workmen’s Compensation Law. It appears that there has been no administrative determination of the question, as plaintiff has not made a claim for workmen’s compensation. Therefore, the motion here may be granted only if it appears by the undisputed facts before the court that the defense is good as a matter of law. If the question of whether or not the plaintiff and defendant were engaged in the course of their respective employments at the time of the accident is one of fact, then the motion must be denied and the issue left for determination on the trial.
Plaintiff and defendant are coemployees of a State hospital, and in such employment each perform the function of a groundsman in working upon and maintaining the grounds for the institution. The plaintiff does not live on the institution premises, but the defendant does; although neither is required to so reside, nor is the defendant’s quarters part of his salary. The defendant is allowed to keep his personal car in the institution’s parking lot. Both the plaintiff and defendant are salaried employees and work a regular 8-hour day from 8:00 a.m. to 12 noon and *347 from 12:30 p.m. to 4:30 p.m. The injuries complained of by plaintiff resulted from an accident occurring while both plaintiff and defendant were on their noon lunch period intermission] which ran from 12 noon to 12:30 p.m. of each working day.
Defendant, after he had finished his noon meal (which he partook of and paid for at the institution commissary), moved his car from the parking lot to a place in front of a tool shed (wherein the groundsmen stored their tools), for the purpose of putting antifreeze in his car’s radiator. On his examination before trial, defendant testified that one of the drivers for the institution, who was familiar-with this antifreeze replacement operation, undertook to assist him, and in so doing, said driver, dropped the radiator petcock under the car. Two other employees were also observing or assisting in this operation.
Plaintiff, after he had finished his noon meal (which he carried from his home and had eaten in a second shed, usually utilized by employees for this purpose), noticed the gathering around the defendant’s car, so he walked to the front of defendant’s car and stood between the front of said car and the tool shed-to observe the activities of his fellow employees.
The defendant was then asked by one of his fellow employees to back his car up so that the petcock could be retrieved. Defendant started his car, but its motion was forward rather than backward and plaintiff, who was standing in front thereof, was struck and pinned against the tool shed. These facts are not disputed.
The question presented, therefore, is whether or not, on these undisputed facts,’ it may be held as a matter of law that plaintiff and defendant were each engaged in the course of his employment at the time of the happening of the accident. If they were not each so engaged, the defense would not be good. (Workmen’s Compensation Law, § 29, subd. 6; Roberts v. Gagnon, 1 A D 2d 297; Pantolo v. Lane, 185 Misc. 221; Fabrizio v. Fader, 5 A D 2d 884.) “ Generally, an employee on the premises of his employer is so engaged during working hours * * * ‘ It is true that it has been held many times that where an employer requests or customarily permits his employees to eat their meals upon his premises or in some place provided for them, the temporary interruption to their work thus caused will not be regarded as terminating their character as employees or as excluding them from the protection of such a law as our Compensation Act. ’ Lunch is a routine part of the workday ’ ’ (Kunze v. Jones, 6 A D 2d 888, appeal dismissed 6 N Y 2d 841 and cases cited).
It is not the law, however, that an employee is conclusively presumed to be in the course of his employment at all times *348 during Ms Much period, nor that each and every act he performs during that period is deemed authorized by the employer. The establishment of the Workmen’s Compensation Law as a defense as a matter of law, requires proof of more than the mere location of the employee in the pathway of an accident occuring during his lunch period. (See Matter of McCarter v. LaRock, 240 N. Y. 282, 292.) Where, during such period, the accident was caused by an act of a fellow employee, the activities of plaintiff and defendant are to be considered together, and it is to be determined, in the light of all the circumstances, whether or not there exists a casual employment connection apparent to a reasonable mind.
Now, it is to be noted, that, prior to the accident, the defendant had completed his meal at the institution commissary and had returned therefrom; and that he was not returning to his normal tasks at the time of the accident. He was engaged in the personal activity of installing antifreeze in his personal car, which car he did not utilize as part of his employment at the institution. Furthermore, defendant did not use his car in going to and from his employment, as he resided on the institution premises. It is a 1 ‘ basic principle that there can be no compensation for injuries arising out of purely personal activity not directly related to the employment ” (Matter of Davis v. Newsweek Magazine, 305 N. Y. 20, 26), and “ An accident does not arise ‘ out of ’ an employment when it has been occasioned by some merely personal indulgence or gratification.” (Pasquel v. Coverly, 4 N Y 2d 28, 31.) And, although in one analogous factual case where the injury suffered by an employee, while pulling a blanket off the hood of his car, was found to arise out of his employment; this finding was based on the fact that the employee performed this act just prior to leaving for home in his car. (Donehue v. Hebbard, 246 App. Div. 662.) Such is not the case here, as defendant was on his lunch period and in fact he did reside on the premises. Further, the fact that defendant was allowed the use of the parking lot is not controlling as the mere fact that the car was standing on the parking lot, and defendant was exercising his privilege to so park while putting antifreeze in his car, does not make mandatory a finding that he was in the course of his employment. (Matter of Lauterbach v. Jarrett, 189 App. Div. 303; McQuivey v. International Ry Co., 210 App. Div. 507.)
It is also to be noted that plaintiff, prior to the accident, had finished his noon meal and that he was not directly returning to his normal duties. He left his lunch area to go to observe the activities of defendant, prior to beginning his return to *349 normal employment. Plaintiff testified, on his examination before trial, that he walked to the front of defendant’s car when he noticed a group of fellow employees thereabout. ‘‘ It has been held in a number of instances that injuries received by an employee, proximately resulting from acts done by him for the mere purpose of gratifying his curiosity, and having no connection with the duties of his employment, are not compensable as arising out of or in the course of employment.” (58 Am. Jur., Workmen’s Compensation, p. 743, § 238 and cases cited; also, see, Matter of Di Salvo v. Menihan Co., 225 N. Y. 123; Heater v. Erie R. R. Co., 210 App. Div. 497; Matter of McInerney v. Buffalo & Susquehanna R. R. Corp., 225 N. Y. 130.) Kunze v. Jones (6 A D 2d 888, supra) would not be applicable to require a dismissal of the complaint here if, as a matter of fact, the defendant driver had stepped out of the course of his employment after his eating of his noon meal and had entered upon a solely personal activity prior to the time of his return to work.
Under the circumstances, it is concluded that it may not be said that upon the undisputed facts before this court on this motion, that the defendant’s defense is good as a matter of law. Bearing in mind that the courts many times have held the question to be one of fact (see Callam v. Adams, 261 App. Div. 1004; Puccio v. Carr, 177 Misc. 706; Moon v. Finkle, 6 N Y 2d 831), it may very well be, depending upon the facts as they are developed upon a trial, that the trial court will be required to submit to the jury the question of whether or not the accident happened when the plaintiff and defendant were in the course of their respective employments.
Motion denied without prejudice. Settle order on notice.