Argued March 6, affirmed April 10, 1968

ADAMS, *Respondent, v.* STATE COMPENSA-
TION DEPARTMENT, *Appellant.*

439 P. 2d 628

*Earl M. Preston,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the briefs were Robert Y. Thornton, Attorney General,
and Wallace Carpenter, Assistant Attorney General,
Salem.

*Quentin B. Steele,* Klamath Falls, argued the cause
and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The transcript of evidence from the administrative hearing discloses plaintiff's husband was a mechanic who kept his ranch employer's equipment in repair. On a Saturday afternoon, after usual ranch repair work ceased, he proceeded to replace a broken spring on his personal vehicle, using ranch tools, in the ranch shop yard. His employer offered to help, but he declined the offer. While he was working alone, the vehicle fell from the jacks and killed him.

He occasionally used this vehicle in traveling to a part of the operation some 15 to 20 miles removed where the roads were rough. He was given fuel for this use by the employer. His work hours were often irregular, and he kept his own time as the basis for his weekly paycheck. This was always accepted by the employer without question as he was an unusually trusted and trustworthy employee. He had been paid at noon on the day of his death for 39 hours of work for the week. The employer testified that if deceased worked to repair damage to his own vehicle which had occurred in ranch work such time would be compensable by the employer, but he was unable to say whether this particular damage occurred while deceased was engaged in ranch activity. The plaintiff testified her husband had told her it occurred while he worked at the distant ranch.

Employer was covered under the Workmen's Compensation Law, and plaintiff in this action is seeking death benefits provided in the act for widows of covered employees. The State Compensation Depart-

ment denied the claim on the ground the accident causing death did not arise "out of and in the course of [his] employment." ORS 656.002(6). The plaintiff applied for and had an administrative hearing, upon which the hearings officer allowed the claim. This was appealed by the department to the review board which also allowed it. The department appealed to the circuit court which, on the record, affirmed the two previous decisions. The department has appealed that ruling to this court.

The inferences to be drawn from the evidence leave very close the question whether deceased's accident arose "out of and in the course of [his] employment." Employer was benefited both in time saved and wear on ranch equipment when deceased used his own vehicle in going to the distant ranch; he did this frequently with employer's knowledge and approval, as employer replaced the fuel used by deceased on these trips.

Employer's wife was the bookkeeper for the ranch and made the payroll. Evidence from her records showed that for the week ending with his death deceased worked 8 hours each the first four days, took Friday off, and worked until noon on Saturday. There was no evidence of carry-over time from the preceding week. Although this totals 36 hours, deceased turned in time worked as 39 hours. A check for such time was paid to him, and later replaced with another to plaintiff.

The inference can be drawn that on Saturday noon the deceased turned in and was paid for time that he expected to work for employer on that Saturday afternoon. Employer's wife testified that this was commonly done, but sometimes the time was carried over until the next payday. Coupled with employer's testi-

mony that deceased would have been paid for such time if it was spent in repair of damage to his vehicle that occurred in ranch work, this evidence supports the findings from which the appeal was taken. For such a conclusion, no reference is needed to plaintiff's hearsay testimony about where the spring was broken.

The compensation act often has been construed to determine whether particular accidents have occurred "out of and in the course of employment." *Philpott v. State Ind. Acc. Com.,* 234 Or 37, 379 P2d 1010 (1963); *Ramseth v. Maycock,* 209 Or 66, 304 P2d 415 (1956); *Stuhr v. State Ind. Acc. Com'n.,* 186 Or 629, 208 P2d 450 (1949); *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947); *Hopkins v. State Ind. Acc. Com.,* 160 Or 95, 83 P2d 487 (1938); *Larsen v. State Ind. Acc. Com.,* 135 Or 137, 295 P 195 (1931); and *Lamm v. Silver Falls Tbr. Co.,* 133 Or 468, 277 P 91, 286 P 527, 291 P 375 (1930).

The discussions in these and other similar cases are helpful, but in the final analysis each case of this nature must be decided under the act on its own facts. *Ramseth v. Maycock,* supra. This court does not hear and see the witnesses, and thus is not in as favorable a position to judge the evidence as is the hearings officer. The evidence taken at the hearing and briefly reviewed here, given legitimate inferences favorable to the plaintiff, supports the decision from which the appeal was taken.

Judgment affirmed.