Argued March 25, affirmed April 20, former opinion adhered to and reconsideration denied July 18 (30 Or App 109, 566 P2d 1202) petition for review denied September 27, 1977

OLSEN, *Respondent,*

*v.*

## STATE ACCIDENT INSURANCE FUND, *Appellant.*

(No. 36-936, CA 7447)

562 P2d 1234

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Donald R. Wilson, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

The State Accident Insurance Fund appeals from an order of the circuit court reversing the Workmen's Compensation Board and holding that claimant's injury arose out of and in the course of his employment.

Claimant was injured in a bicycle accident on the employer's premises during the regular lunch break. The circumstances were these: Claimant had undertaken to repair a co-worker's bicycle during the break. In order to locate the problem he decided to test-ride the cycle around the employer's warehouse. In the course of the ride the front wheel of the cycle suddenly became lodged in a gap between the warehouse's loading dock and the ramp leading up to it, with the result that claimant was thrown off the cycle and seriously injured.

To be compensable under the Workmen's Compensation Law an accidental injury must of course be one "arising out of and in the course of employment." ORS 656.005(8)(a).

It is generally held that:

> "Injuries occurring *on the premises* during a regular lunch hour arise in the course of employment, even though the interval is technically outside the regular hours of employment in the sense that the worker receives no pay for that time and is in no degree under the control of the employer, being free to go where he pleases. [1 Larson, Workmen's Compensation Law 5-4 to 5-5, § 21.21(a) (1972)]
>
> "* * * * *
>
> "Once it is accepted that lunch-time on the premises is in the course of employment, awards are in order for any accident that can satisfy modern ideas of 'arising out of the employment,' even when no conspicuous employment hazard contributed to the injury. * * *" 1 Larson, supra at 5-11, § 21.21(c).

*See, Thomas v. Manufacturing Co.,* 104 Kan 432, 179 P 372, 6 ALR 1145 (1919) (compensation allowed where claimant was injured during noon hour while

playfully riding on a hand truck); *D'Anofrio v. Hatten*, 25 Misc2d 346, 206 NYS2d 494 (1960) (compensation allowed where claimant was injured while watching a fellow employe work on his personal car during the lunch hour on employer's premises).

The Oregon Supreme Court has recognized in principle that "an employee, who is procuring his lunch during an hour for which he is not being paid and is on premises neither owned nor controlled by the employer, is subject to compensation for an injury which thus befalls him." *Lamm v. Silver Falls Tbr. Co.*, 133 Or 468, 493, 277 P 91, 286 P 527, 291 P 375 (1929). In *Casper v. SAIF*, 13 Or App 464, 511 P2d 451 (1973), this court held an injury arising out of a lunch-time motorcycle accident compensable.

In *Jordan v. Western Electric*, 1 Or App 441, 463 P2d 598 (1970), we identified some of the factors in determining whether an injury-producing activity arises out of and in the course of employment:

" 'a) Whether the activity was for the benefit of the employer [citing case];

" 'b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later [citing case];

" 'c) Whether the activity was an ordinary risk of, and incidental to, the employment [citing cases];

" 'd) Whether the employee was paid for the activity [citing case];

" 'e) Whether the activity was on the employer's premises [citing case];

" 'f) Whether the activity was directed by or acquiesced in by the employer [citing cases];

" 'g) Whether the employee was on a personal mission of his own [citing case].' " 1 Or App at 443-44, quoting from Workman Compensation Practice in Oregon 64-65, § 7.4, published by the Oregon State Bar Committee on Continuing Legal Education (1968).

In this case the evidence established that: (1) the injury occurred on the employer's premises; (2) claimant's supervisor observed the activity and tacitly

acquiesced in it by failing to object; (3) employes using bicycles for transportation to and from work regularly parked them on the loading dock and adjacent ramp; and (4) claimant was not on a personal mission of his own but aiding a coemploye in the repair of the coemploye's means of transportation to and from work.

Under these circumstances we agree with the circuit court that the injury arose out of and in the course of employment.

Affirmed.