On petition for reconsideration filed May 18, former opinion filed April 20, (29 Or App 235, 562 P2d 1234) former opinion adhered to, petition for reconsideration denied July 18, 1977

OLSEN, *Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Appellant.*

(No. 36-936, CA 7447)

566 P2d 1202

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, for petition.

Donald R. Wilson and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, contra.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

The State Accident Insurance Fund correctly points out in its petition for reconsideration that our summary of *D'Anofrio v. Hatten,* 25 Misc2d 346, 206 NYS2d 494 (1960), was incorrect. In *D'Anofrio* the New York Supreme Court held that the issue of whether an employe injured on the employer's premises during the lunch period has an exclusive remedy under the Workmen's Compensation Law is a question of fact. Defendant's motion for summary judgment in a personal injury action was dismissed.

Our previous opinion held that an employe injured on the employer's premises during the lunch break while fixing a fellow employe's bicycle had established that his injury was compensable notwithstanding a minimal showing that the activity "arose out of" the employment.

Further examination of recent case law in other jurisdictions supports our previous conclusion. *See, National Surety Corporation v. Bellah,* 245 F2d 936 (5th Cir 1957); *Industrial Com. v. Golden Corp.,* 126 Colo 68, 246 P2d 902 (1952); *American Steel Foundries v. Czapala,* 112 Ind App 212, 44 NE2d 204 (1942); *Carling Brewing Co. v. Belzner,* 15 Md App 406, 291 A2d 175 (1972); *Lassila v. Sears, Roebuck & Company,* 302 Minn 350, 224 NW2d 519 (1974); *Dyer v. Sears, Roebuck & Company,* 350 Mich 92, 85 NW2d 152 (1957); *Thomsen v. Sears Roebuck & Co.,* 192 Neb 236, 219 NW2d 746 (1974); *Askren v. Industrial Commission,* 15 Utah2d 275, 391 P2d 302 (1964).

Except as to our misstatement of the holding in *D'Anofrio,* which is corrected herewith, we adhere to our former opinion.

Former opinion adhered to; petition for reconsideration denied.