Argued May 22, affirmed September 6, reconsideration denied
October 31, 1978, petition for review denied February 21, 1979

OTTO, *Petitioner,*

*v.*

MOAK CHEVROLET, INC., *Respondent.*

(WCB 75-4225, CA 9594)

583 P2d 594

Joseph C. Post, Forest Grove, argued the cause and filed the brief for petitioner.

A. Thomas Cavanaugh, Portland, argued the cause for respondent. With him on the brief was Richard C. Pearce, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The issue in this workers' compensation case is the compensability of claimant's injury. The facts, as stipulated to by the parties, are as follows:

"1. Claimant, then a 41-year-old bookkeeper, suffered an injury on her employer's premises on June 9, 1975 during her regular working hours. The injury was to the low back and required medical care and treatment and absence from work.

"The injury occurred when claimant went to the women's restroom on the employer's premises, relieved herself and, while she was pulling her [underwear and slacks] back up in an ordinary manner, her back went out, i.e. she was suddenly afflicted with pain in the low back and this led to medical care, filing of the claim and denial of the claim by the employer's insurer on August 11, 1975.

"2. Claimant did not slip or fall nor was her injury accompanied by anything to claimant's knowledge than her action in pulling her [underwear and slacks] back up.

"\* \* \* \* \*"

Oregon Workers' Compensation Law provides for compensation to workers who suffer "compensable injuries." A compensable injury, as defined in ORS 656.005(8)(a),[1] must "arise out of and in the course of employment." The parties agree that claimant's injuries occurred in the course of her employment; the sole question on appeal is whether or not claimant's injury arose out of her employment.

■ The Supreme Court has held that "arising out of" and "in the course of" is conjunctive and was treated as such. Therefore, both elements must coexist in order to meet the definition of compensable injury.

"\* \* \* The words 'out of', as used in the statute, point to the origin or cause of the accident. The words, 'in the

---

[1] ORS 656.005(8)(a) provides:

"(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means."

course of" point to the time, place and circumstances under which the accident takes place. The former are descriptive of the character or quality of the accident, while the latter relates to the circumstances under which an accident of that character or quality takes place: *Fitzgerald v. Clark,* 99 L. T. 101 (1 B. W. C. C. 197); 2 Boyd, Workmen's Compensation, § 472; *Blair v. State Ind. Acc. Com.,* [133 Or 450, 288 P 204 (1930)]. *Before an accident can be said to arise out of the employment, the injury must be directly traceable to the nature of the work or to some risk to which the employer's business exposes the employee. The risk must be reasonably incidental to the employment: * * *"* (Emphasis supplied.) *Larsen v. State Ind. Acc. Com.,* 135 Or 137, 139-40, 295 P 195 (1931).

To meet the requirements of *Larsen,* claimant relies on the factors applied by this court in *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970).[2]

Claimant's reliance on *Jordan* is misplaced. The *Jordan* case and the principle of the personal comfort doctrine enunciated therein relate primarily to the question of whether or not the injury was in the course of employment. Also, *Jordan* did not analyze the separate phrases "arising out of" and "in the course of"

---

[2] " 'a) Whether the activity was for the benefit of the employer, *Ramseth v. Maycock and SIAC,* 209 Or 66, 75-77, 304 P2d 415 (1956);

" 'b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later, *Ramseth v. Maycock and SIAC,* supra;

" 'c) Whether the activity was an ordinary risk of, and incidental to, the employment, *Stuhr v. SIAC,* 186 Or 629, 636-637, 208 P2d 450 (1949) and *Brazeale v. SIAC,* 190 Or 565, 577, 227 P2d 804 (1951);

" 'd) Whether the employee was paid for the activity, *Adams v. SCD,* [249 Or 530] 439 P2d 628 (1968);

" 'e) Whether the activity was on the employer's premises, *Adams v. SCD,* supra;

" 'f) Whether the activity was directed by or acquiesced in by the employer, *Munson v. SIAC,* 142 Or 252, 260, 20 P2d 229 (1933); *In re Jimmy E. Lynch,* WCB No. 515 (1967); and *Brazeale,* supra;

" 'g) Whether the employee was on a personal mission of his own, *Holland v. Hartwig,* 145 Or 6, 24 P2d 1023 (1933).' " *Jordan v. Western Electric,* 1 Or App 441, 443-44, 463 P2d 598 (1970).

and further it did not indicate which of the factors named apply to either or both phrases.[3]

No Oregon case directly on point has been cited to us and we find none. However, in an Arizona case, *Sacks v. Industrial Commission,* 13 Ariz App 83, 474 P2d 442 (1970), where a claimant suffered herniation of lumbar discs while getting up from a toilet on the premises of the employer, the court held the injury did not arise out of petitioner's employment and therefore was not compensable.

■ The facts in *Sacks* are identical to the facts presented in this case. While Oregon, like Arizona, gives effect to the personal comfort doctrine, the "arising out of" language of ORS 656.005(8)(a) requires that there be a causal connection between the employment and the injury. We agree with the language in *Sacks* which is as applicable here as there.

> "We are unable to find a causal connection between the injury and the employment in the facts here. It does not appear that the risk of [back injury] while arising from a toilet was a risk in any way peculiar to or increased by petitioner's employment. There is no suggestion that the structure or condition of any of the surroundings contributed in any way to the unfortunate event. * * * The mere fact that the accident occurred on the premises of the employer during working hours does not make it compensable. * * *" *Sacks v. Industrial Commission, supra* 474 P2d at 443. [Quoted from *City of Phoenix v. Industrial Commission,* 104 Ariz 120, 123, 449 P2d 291 (1969)].

*See also Pottinger v. Industrial Commission,* 22 Ariz App 389, 527 P2d 1232 (1974); *McNeel v. Industrial Commission,* 17 Ariz App 185, 496 P2d 611 (1972).

■ As the Supreme Court stated in *Blair v. State Ind. Acc. Com.,* 133 Or 450, 455, 288 P 204 (1930) and we quoted with approval in *Robinson v. Felts,* 23 Or App 126, 133, 541 P2d 506 (1975):

---

[3] *See Allen v. SAIF,* 29 Or App 631, 635-36, 564 P2d 1086, *rev den* (1977), where the application of "arising out of" and "in the course of" are separated.

"* * * For a personal injury to *arise out of* and in the course of the employment, there must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. There must be a causal connection between the employment and the injury which had its *origin in a risk connected with the employment,* and flowed from that source as a *rational* and *natural consequence * * *.*" (Emphasis supplied.)

Claimant also relies on *Olsen v. SAIF,* 29 Or App 235, 562 P2d 1234, 30 Or App 109, 566 P2d 1202, *rev den* (1977). In *Olsen,* claimant was injured while riding a bicycle of a fellow employe during a lunch hour when the front wheel became lodged in a gap between the warehouse's loading dock and a ramp leading up to it. *Olsen* is distinguishable from this case. In *Olsen,* it is not likely the injury would have occurred at any other place since the conditions contributing to the injury were unique to that time and place. In the present case, it is very likely the back condition experienced by claimant could have occurred when she pulled up her underwear after using the toilet facilities at some other place.

■■ The mere fact that the injury occurred on her employer's premises during working hours does not entitle claimant to benefits absent some connection between her injury and her work.

Affirmed.

**JOHNSON, J.,** specially concurring.

I agree with the majority that the "arising out of" employment component of the test for compensability is concerned primarily with causation, whereas the "in the course of" component refers to time, place and circumstances. *Larsen v. State Ind. Acc. Com.,* 135 Or 137, 139-40, 295 P 195 (1931). However, contrary to the majority's approach, the trend of authority both in Oregon and elsewhere is not to treat these two tests independently but as merely parts of a single test that

the injury must be work related. See 1 A. Larson, Workmen's Compensation Law, §29.10 (1978). This was the approach we took in *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970). The majority is incorrect in attempting to characterize *Jordan* as an "in the course of employment" case. Rather, it was an attempt to harmonize both components of the test for compensability under ORS 656.005(8) by requiring a comprehensive analysis of all the relevant considerations to determine whether the injury was work related. In that case the claimant slipped on a curb and was injured while on his way back to work from an off premises paid coffee break at a restaurant. The claimant's supervisor suggested that employees take their coffee break at the restaurant because there were no on-premises facilities for night shift employees. Thus, the issue in *Jordan* was not, as the majority suggests, merely one of determining whether claimant was injured in the course of his employment, but whether the claim was compensable, both with respect to being in the course of and arising out of the employment. We concluded that the claim was compensable, relying on the following factors:

"a) Whether the activity was for the benefit of the employer * * *

"b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later * * *

"c) *Whether the activity was an ordinary risk of, and incidental to, the employment* * * *

"d) Whether the employee was paid for the activity * * *

"e) Whether the activity was on the employer's premises * * *

"f) Whether the activity was directed by or acquiesced in by the employer * * *

"g) Whether the employee was on a personal mission of his own * * *." (Citations omitted.) (Emphasis supplied.) *Jordan v. Western Electric, supra,* 1 Or App at 443-44, 463 P2d at 600.

*Jordan* is probably the highwater mark for extending coverage under the Workers' Compensation Act. It is not necessary, however, to narrow the holding in that case to determine that liability does not exist here. In *Jordan* we stated that one of the factors that must be considered is "whether the activity was an ordinary risk of, *and* incidental to, the employment." (Emphasis supplied.) The language is significant because it expressly rejects a test from early workmen's compensation cases that required that the risk be one "peculiar" to the employment, or one that is "increased by the employment." See 1 A. Larson, *supra,* §§ 6.20 and 6.30. The holding in *Jordan* is consistent with what Professor Larson characterizes as the "positional risk test," 1 A. Larson, *supra,* § 6.50, i.e., an injury arises out of the employment if it would not have occurred but for the fact that conditions and obligations of the employment placed claimant in the position where he was injured. The claimant in *Jordan* would not have been walking from the restaurant but for his employment. Similarly in *Olsen v. SAIF,* 29 Or App 235, 562 P2d 1234, 30 Or App 109, 566 P2d 1202, *rev den* (1977), claimant's employment placed him in the position of repairing a co-worker's bicycle and riding it on the employer's dock where the wheel got lodged between the planks.

Here the activity of going to the bathroom was "incidental" to the employment, but the injury was not a "risk of * * * the employment." *Jordan v. Western Electric, supra,* 1 Or App at 443, 463 P2d at 600. The act that caused the injury was claimant's personal movements performed while using the toilet—a risk that claimant confronted irrespective of her employment.