SAUER,
*Petitioner,*

*v.*

PIONEER ADJUSTMENT CO., et al,
*Respondents.*

(No. WCB Nos. 77-4607 & 77-4608,
CA 15676)

606 P2d 1177

Charles Paulson, Portland, argued the cause and
filed the brief for petitioner.

[715]

Elizabeth K. Reeve, Portland, argued the cause for respondents. With her on the brief were Roger A. Luedtke, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Claimant filed two claims for separate injuries incurred while employed by Pioneer Adjustment Company as an insurance adjuster. The first claim arose out of an injury to his back and legs on March 21, 1976, while working on the employer's files at his home. The second claim arose out of an incident on March 9, 1977, when he was working at his employer's office, sitting in a swivel chair. He had items from the file spread on his desk and on the floor around the chair. He was bending over from his sitting position to reach something on the floor when he swiveled around and stood up rapidly, all in one motion, took a step forward and immediately suffered a flash of pain in his back. The claims were consolidated for hearing before the referee, who affirmed denial of the claim for the 1976 injury at home but ordered the claim for the 1977 injury be accepted. On review, the Workers' Compensation Board denied both claims. Claimant has appealed only the denial of the claim based on the 1977 incident.

Employer concedes that claimant was working at the office of the employer for the employer during regular working hours when the incident occurred. Thus, the incident arose in the course of employment. The question is whether it arose out of employment.

The doctor who initially examined claimant after both incidents gave as his opinion that the 1977 incident was definitely a material contributing factor in the development of claimant's intervertebral disk rupture and the consequent need for surgery. A consulting neurologist who also examined claimant after each of the incidents testified that there was evidence of a ruptured disk on both occasions and that there had been some improvement between the episodes. It was his opinion that both incidents contributed to the need for surgery. He stated that "a little precipitating cause, such as a bout of coughing, bending, lifting,

straining" would extrude the disk through the preexisting weak area.

The neurosurgeon who performed the disk surgery after the 1977 incident said that the onset of back pain while the claimant was walking around his desk was purely coincidental and not related to his work. That doctor, though, was apparently unaware of the circumstances of the claimant's bending from a sitting position and suddenly rising to his feet.

On review, the Board said, relying on language from *Larsen v. State Ind. Acc. Com.,* 135 Or 137, 295 P 195 (1931):

> "*** To determine whether [the 1977 injury] arose out of the course of employment there must be a finding that the risk of rising from a chair in the manner in which claimant did was in any way peculiar to or increased by claimant's employment."

On a reading of the testimony by the neurologist and the neurosurgeon to the effect that claimant's work activities were coincidental to his injury, the Board concluded that claimant had not met the burden of proving that his work was a material contributing factor to his injury.

There can be no reasonable question but that claimant met his burden of establishing legal causation because he showed without any contradiction by credible testimony that he suffered the injury while exerting himself in an usual and expected fashion while performing the duties of his job. We understand the Board to have concluded that he failed to show by medical evidence that the ordinary performance of his job was a material contributing factor in producing the injury because that evidence did not prove that the injury could not have occurred off the job. We are not certain what the Board intended by its reference to the language from *Larsen.*[1] If it intended to indicate that

---

[1] "Before an accident can be said to arise out of the employment, the injury must be directly traceable to the nature of the work or to some

it was claimant's burden to establish by medical evidence that his work exposed him to some special risk of harm that he would not otherwise have encountered, then the Board misapplied *Larsen.* However, we believe that what the Board intended by its reference was to indicate that there either has to be some special risk or something in the nature of the work being performed that as a matter of medical causation could have and did contribute to the injury. Assuming that would be a proper application of *Larsen,* the error of the Board was in its reading of the testimony of the two specialists.

Doctor Stumme, the neurologist, stated unequivocally that the 1977 incident contributed to the need for surgery. He explained that claimant had a weakness in his lumbar disk region and "the slightest movement, lifting or strain precipitated the further extrusion of the disk and caused his leg and back pain." He concluded that it was claimant's rising from his chair and starting to walk around the desk that was the precipitating event. The neurosurgeon's conclusion that the employment activity in 1977 was "purely coincidental" reflected his belief that, given claimant's preexisting condition, his back problem was very likely at some time to become painfully symptomatic. We do not read his testimony as denying any connection, as a medical matter, between the job and the injury. Unlike the situation in *Otto v. Moak Chevrolet,* 36 Or App 149, 583 P2d 594 (1978), *rev den* 285 Or 319 (1979), where the claimant suffered a back injury when pulling her pants up after using the toilet, this claimant was performing the work of the employer when the injury occurred. We are satisfied that his exertion while performing that work was a material

risk to which the employer's business exposes the employee." *Larsen v. State Ind. Acc. Com.,* 135 Or at 140.

Given that the Workman's Compensation Act in 1931 provided compensation only for "a personal injury by accident arising out of and in the course of his employment caused by violent or external means" (O.C. 1930, § 49-1827), *Larsen* is not apt authority today. *See* ORS 656.005(8)(a).

contributing cause of his injury and the resulting surgery. We therefore reverse the Board and reinstate the order of the referee.

Reversed.