Argued December 16, 1974, reversed January 14, 1975

## SCHARTNER (No. 40800), *Appellant*, v. ROSEBURG LUMBER COMPANY, *Respondent*.

530 P2d 545

*William A. Babcock,* Springfield, argued the cause for appellant. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Philip A. Mongrain,* Beaverton, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Claimant, the widow of a workman who died from a cardiac arrest while on his job of feeding plywood into a dryer, appeals from a circuit court judgment denying her claim for the workman's death benefits. The hearing officer and the Workmen's Compensation Board had held the claim compensable.

We conclude that claimant, under the law, proved her claim by a preponderance of the evidence.

Deceased, 52 years old, had been off work for several days over Thanksgiving weekend in 1971. He returned to work on the swing shift Sunday afternoon, was off for about 10 hours during the night and rotated back on the day shift at 7:30 Monday morning.

Mr. Schartner was feeding one-tenth inch heartwood—that type of ply requiring the most brisk pace by the "dry feeders"—throughout the morning of his death, except for a 20-30 minute period during which he and others were obliged to clear a moderate "plugup" in the dryer. The clearing process required each workman's exposure to over 100 degrees heat for several minute intervals until it was completed. Early in the afternoon of the same day while still feeding the heartwood, deceased collapsed and died.

At lunch time, when another workman commented to deceased about his flushed appearance, he had responded:

"I feel all right * * * that one-tenth [heartwood] sometimes gets you a little heated up * * *."

Deceased had not had a physical checkup since service in World War II. He had in the past experienced some "heartburn" from such things as overeating. He was considered arteriosclerotic by the medical experts.

■■ Exertion or stress on the job may be a causative factor in heart attack cases. *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969). If routine employment requires exertion which is "different from and substantially greater than the stress and strain of nonemployment life" nothing more than involvement in that employment need be shown, if the showing of it with other evidence carries the burden of proof to the satisfaction of the fact trier. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968); *Riutta v. Mayflower Farms, Inc.,* 19 Or App 278, 527 P2d 424 (1974). As in *Coday,* "we recognize that another trier of fact examining the evidence * * * might reasonably reach a conclusion opposite to

ours." 250 Or at 50. *See also Schwehn v. SAIF,* 17 Or App 50, 520 P2d 467, Sup Ct *review denied* (1974).

■ In this as in frequent other heart cases decided in Oregon appellate cases, Drs. Herbert E. Griswold and Wayne R. Rogers were expert witnesses. A third expert was Dr. Harold F. Anderson, a specialist in internal medicine. They were asked for their opinions based on the same hypothetical question which included the factors we have related above, plus other details.

Dr. Griswold unequivocally concluded the deceased's work activity on the day of his death was a "material contributing factor" in bringing about his collapse and death.

Dr. Rogers did not believe the described stress of the job would have produced the attack any more than deceased's usual nonworking activities and emotions would, and therefore considered it "medically improbable" the attack was work-related.

Dr. Anderson persisted throughout intensive cross-examination that in his opinion the work activity was "probably" a material contributing factor.

We have not simply counted the experts on each side of the question—we have examined the reasons they gave for their opinions, and conclude the preponderance of evidence swings the balance in favor of the claim.

We agree with the trial judge that individual results in heart cases like this "can result in an unfortunate disparity of compensation * * *." In *Clayton v. Compensation Department,* supra, 253 Or at 407, in 1969 the Oregon Supreme Court said:

"Because medical opinion on the effect of exer-

tion and stress in heart attack cases rests upon such limited scientific knowledge there is reason to question the fairness of our present system of determining the issue of medical causation in these cases. However, until the legislature provides a more effective method of dealing with the heart attack cases under workmen's compensation we see no other way of solving the problem." (Footnote omitted.) The situation remains unchanged.

■ As a second assignment of error Mrs. Schartner has argued that success in this court should entitle her to recovery of attorney fees for all lower proceedings. The granting of attorney fees is possible only when expressly authorized by statute. Neither ORS 656.301 (2), 656.382 (2), 656.386—all of which specifically deal with the awarding of fees in workmen's compensation cases—nor any other Oregon statute called to our attention would permit an award such as is claimed in this case. Claimant asserts this court was in error in *Giese v. Safeway Stores,* 10 Or App 452, 499 P2d 1364, 501 P2d 982, Sup Ct *review denied* (1972), where these statutes were interpreted. If we misinterpreted legislative intent in that case, the legislature could have changed the decision, but did not do so. We adhere to our decision in *Giese* and observe that claimant's remedy still lies with the legislature.

Reversed.