Argued December 22, 1975, affirmed February 9, reconsideration
denied March 10, petition for review allowed April 27, 1976

WOODY, *Respondent,*
*v.*
WAIBEL, *Appellant.*
(No. 89951, CA 5130)

545 P2d 889

*Merle A. Long,* Albany, argued the cause for appellant. With him on the briefs were Long, Bodtker and Post, Albany.

*Bryan L. Peterson,* Portland, argued the cause for respondent. With him on the brief were Peterson, Susak & Peterson, P. C., Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

This is an appeal from a judgment of the Clackamas County Circuit Court determining that plaintiff, a log truck owner and operator, was acting in the capacity of an "independent contractor" at the time he suffered a work-related injury and is thus entitled to maintain an action at law for damages against defendant, for whom plaintiff was hauling logs. Defendant, owner and operator of a logging business, contends that he is an employer subject to the Workmen's Compensation Law (ORS 656.001 to 656.794), that plaintiff was an "employe" covered through the State Accident Insurance Fund at the time of his injury and that, therefore, plaintiff's *sole* right of recovery for those injuries is under the compensation law.[1]

In *Giltner v. Commodore Con. Carriers,* 14 Or App 340, 513 P2d 541 (1973), this court held the owner and operator of a truck used to transport a manufacturer's mobile homes to be an "employe" of that manufacturer, relying in large part upon *Blaine v. Ross Lbr. Co., Inc.,* 224 Or 227, 355 P2d 461 (1960), and *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947). In *Blaine,* the court had determined that plaintiff was an "employee" of the company for whom he had been hauling logs, noting:

> "* * * The uncontradicted testimony shows that plaintiff owned his own truck and paid all expenses connected with its operation and maintenance. He could hire a driver, though apparently only with [the logging company's] consent. * * * [The logging company] set the

---

[1]"(1) Every employer subject to ORS 656.001 to 656.794 is required to assure that his subject workmen will receive the compensation for compensable injuries provided in ORS 656.001 to 656.794 either by:

"(a) Filing an application with the State Accident Insurance Fund and contributing to the Industrial Accident Fund the fees and premiums provided under ORS 656.442 * * *." ORS 656.016(1)(a).

"(1) Every employer who satisfies the duty required by subsection (1) of ORS 656.016 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794." ORS 656.018(1).

hours that plaintiff worked. [The logging company] directed plaintiff's operations at the logging site and selected the logs to be loaded. However, plaintiff could insist that the logs be properly stacked and that the total weight be kept within the legal limits. [The logging company] directed plaintiff where to take the logs. On four occasions within the four or five months preceding the accident plaintiff hauled single loads of logs for others than [the logging company]. Log truck drivers do not receive wages but are compensated on the basis of thousands of board feet hauled.

"This court has ruled that a logging truck operator is an employee of the logger for purposes of the Workmen's Compensation Act, ORS Chapter 656, *in a case where the facts were virtually identical to those stated above. Bowser v. State Industrial Accident Commission,* 182 Or 42, 185 P2d 891 (1947) * * *." (Emphasis supplied.) 224 Or at 235-36.

Defendant relies strongly upon *Blaine* and *Bowser* here, but those cases do not stand for the proposition that a hauler owning and operating his own equipment will *always* be regarded as an "employe" of the concern for whom he transports goods. Under the Workmen's Compensation Law many circumstances are relevant in determining whether in any single case an individual is an employe or an independent contractor. A "primary" test is that of determining whether the employer has the "right of control." Thus, where the right to direct and control the services of a person is secured in an unambiguous contract, that agreement is regarded as conclusive evidence of an employe-employer relationship. *Butts v. State Ind. Acc. Comm.,* 193 Or 417, 239 P2d 238 (1951). The court pointed out in *Butts,* however:

"* * * [I]n most cases, the true nature of the contract as to right of control is not expressed and must be ascertained by the application of many secondary tests * * * [among which are]: (1) Was the principal purpose of the contract the 'performance of labor', or, for example, the hauling of logs by machinery? (2) Was the injured person engaged in an independent employment? (3) Was he employed to do a specific piece of work? (4) Was he to

work according to his own methods without control except as to the results? (5) In the absence of express agreement, vesting the right of control in the alleged employer, was any control exercised in fact? (6) Did the injured workman determine his own hours of employment? (7) Was he paid by the hour or by the piece? (8) Did he use his own equipment * * *? (9) Did he have a right to, or did he employ his own assistants? (10) Did he rent equipment at his own expense? (11) Did he furnish supplies and make repairs on equipment at his own expense? (12) What rights did the parties have to terminate the employment * * *." 193 Or at 427-28.

At bar, the court below based its conclusion that plaintiff, unlike the workers in *Bowser, Blaine* and *Giltner,* had been retained as an independent contractor upon the following "findings of fact," none of which have been challenged by defendant as unsupported by evidence:

"(a) Plaintiff and defendant had agreed that plaintiff would haul timber from defendant's logging operation to a destination designated by defendant.

' "(b) That defendant would pay to plaintiff for such hauling so much per thousand based upon the distance of the haul and the grade of the timber. The parties discussed these factors and agreed upon the price to be paid. The plaintiff would be paid every two weeks and would be paid up to 10 days prior to the date of pay.

"(c) Either party could terminate the agreement to haul timber at any time.

"(d) The loader was an employee and under the direction of defendant in loading the truck; however, plaintiff had a right to object and have corrected an improper loading.

"(e) Plaintiff was not restricted to haul only for defendant and in fact on several instances hauled at other places in slack periods or when defendant's 'show' was being moved.

"(f) Plaintiff provided and was responsible for the operating and all expenses of his own truck and had the right to employ other drivers for the truck.

"(g) Defendant claims plaintiff was an employee; however, he made no deductions from payment to plain-

[ 345 ]

tiff for Workmen's Compensation, Social Security or Income Tax.

"(h) Plaintiff had the entire responsibility, after being loaded, for the delivery to the appointed destination and had the duty to rectify any condition that occurred affecting the ability to deliver.

"(i) Plaintiff was classified as an independent contractor by the P.U.C., and carried his own insurance. Plaintiff claims he considered himself an independent contractor and further claims, without contradiction, that defendant had previously stated to him that he was not covered by Workmen's Compensation and had to get his own insurance."

The right of either plaintiff or defendant to terminate their agreement without incurring liability to the other, the extent to which the plaintiff's work schedule was determined by defendant[2] and the fact that the parties did not enter into a contract for the performance of a "specific piece" of work—circumstances common to both *Bowser* and *Blaine* as well as the case at hand—are admittedly evidence of an employe-employer relationship. Compensation on the basis of "thousands of feet hauled" rather than by an established wage, the furnishing and maintenance of his own equipment by plaintiff and the fact that plaintiff was allowed to and actually did both employ assistants and work for others on the other hand are circumstances acknowledged by the court in *Bowser* as tending to show that plaintiff had been retained as an independent contractor.

█ Distinguishing this case from either *Bowser, Blaine* or *Giltner* is the fact that plaintiff had been specifically informed by defendant that he was not covered

---

[2]The defendant set the time and days that Mr. Woody was to go to work, had control of the loading of the log truck and directed the destination of the logs.

Plaintiff and the other drivers hauling for defendant did agree among themselves, however, as to the order of loading each morning. Plaintiff also had the responsibility to determine if his truck was loaded properly, and had the right to choose the route which he would take between the place of loading and the delivery site.

by workmen's compensation and, as a consequence, had been providing his own medical insurance for a period of some nine years prior to his injury. Defendant apparently made no deductions for income tax, social security or workmen's compensation from the payments made to plaintiff. These mutually accepted facets of their arrangement tend to support a finding that no employe-employer relationship existed between these parties.

Taken as a whole, the record in this case, particularly in view of the circumstances that distinguish it from former decisions in similar cases, leads us to conclude that plaintiff was, in fact, acting as an independent contractor at the time of his injury.

Affirmed.

SCHWAB, C. J., concurring.

ORS 656.384[1] gives the court jurisdiction at this stage of the proceedings. If our review under that statute were de novo, I would reach a different result. To me, the facts indicate an employer-employe relationship.

However, as I understand the cases, whether plaintiff is an employe or an independent contractor is for

---

[1] "(1) If an employer subject to ORS 656.001 to 656.794 is made defendant in any personal injury litigation brought against him by a workman in his employ, or by the guardian, personal representative or beneficiary of such workman, on account of injuries received by such workman arising out of and in the course of his employment by such employer, and it appears that the plaintiff's sole right of recovery is under ORS 656.001 to 656.794, the board shall request the Attorney General to defend the employer in such litigation. The Attorney General shall cooperate with the board in such defense and represent the employer as attorney.

"(2) If the Attorney General files an answer in such litigation alleging the defense that the plaintiff's sole remedy is under the Workmen's Compensation Law, the filing of such answer shall suspend all further proceedings in such litigation other than the trial of the defense that the plaintiff's right of recovery is under the Workmen's Compensation Law, until such defense has been finally determined by the court. An appeal to the Supreme Court from the order or judgment finally disposing of such defense may be taken by either party as in other cases." ORS 656.384.

the trier of fact to decide. On review, we determine only whether there is substantial evidence to support the finding below. I agree that there is. *Ramseth v. Maycock,* 209 Or 66, 71, 304 P2d 415 (1956); *Butts v. State Ind. Acc. Comm.,* 193 Or 417, 422 and 428, 239 P2d 238 (1951); and *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 44 and 65, 185 P2d 891 (1947).