# ATWOOD, *Appellant,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*
## (No. 75-1710-E-3, CA 5247)
547 P2d 191

*William G. Purdy,* Medford, argued the cause for appellant. With him on the brief were Frohnmayer & Deatherage, Medford.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

This is a claimant appeal from successive orders of a referee, the Workmen's Compensation Board and the circuit court, each holding that claimant, a logging truck operator, was an independent contractor, and not an employe. Claimant was injured in May 1974 while logs were being unloaded from his truck. He owned the truck and hauled logs from the woods to the log dump under almost identical circumstances as those related in our recent opinion in *Woody v. Waibel,* 24 Or App 341, 545 P2d 889 (1976). This is so even to the fact that the "employer" had never provided workmen's compensation, or had never engaged in any type of withholding from pay for taxes, etc., as is commonly done by an employer. Claimant had always done his own tax and other kinds of bookkeeping, and had himself made the payments. For three years he had made his own payments for workmen's compensation coverage, along with payments that covered anyone who might briefly work for him. At the time of his injury he had let his own coverage payments lapse, but had kept up the coverage in the same way as previously for other employes. The totality of these actions by "employer" and claimant indicates to us that there was some understanding—regardless of whether it was clearly spelled out—that the employer would not provide coverage. This is different than a situation where the employer unilaterally says, "I won't provide coverage" and by that unilateral declaration presumes to change what otherwise would be an employe-employer relationship.

The primary determination in cases like this depends on the initial tests set out in *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P2d 891 (1947), which we applied in *Woody,* and which we have primarily compared to the facts in this case. Where the result is close, as it is here, then other tests, like the evidence of a tacit agreement such as we have men-

tioned, are some additional evidence of the nature of the relationship.

Affirmed.

**SCHWAB, C. J.,** dissenting.

*Woody v. Waibel,* 24 Or App 341, 545 P2d 889 (1976), was an action at law for damages for physical injuries in which the defendant claimed the plaintiff's exclusive remedy was under the Workmen's Compensation Law. I joined in holding that the plaintiff in *Woody* was an independent contractor based solely on my understanding that as that action at law came to us from circuit court the issue was a question of fact that we could only review for substantial evidence. 24 Or App at 348 (Schwab, C.J., specially concurring).

By contrast, in this case claimant seeks a remedy under the Workmen's Compensation Law and this case comes to us via the usual referee-Board-circuit court route for workmen's compensation cases. In this context, our review is de novo. As in *Woody,* de novo review here leads me to the conclusion that claimant was an employe at the time of his injury.

Furthermore, I am troubled by the majority's treatment of the parties' private agreement about who would be responsible for maintaining workmen's compensation coverage. Adoption of such analysis presents the risk that private agreements will eventually usurp a statutory requirement—that the employer, as defined by statute, not agreement, maintain the required coverage.

For the foregoing reasons I respectfully dissent.