ATWOOD, *Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

554 P2d 504

*William G. Purdy,* of Frohnmayer & Deatherage, Medford, argued the cause and filed a brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

O'CONNELL, J.

**O'CONNELL, J.**

Plaintiff seeks workmen's compensation recovery for injuries he suffered while engaged in his occupation as a logging truck owner-operator. A referee and, on review, the Workmen's Compensation Board, held that plaintiff was an independent contractor and not an employee of the company that hired him to haul logs. The circuit court affirmed, as did the Court of Appeals. *Atwood v. SAIF,* 24 Or App 803, 547 P2d 191 (1976). We granted review in this case, along with a companion case, *Woody v. Waibel,* 24 Or App 341, 545 P2d 889, in order to re-examine the employee/independent contractor distinction.

Other than the fact that plaintiff contends he is an employee while Woody claimed to be an independent contractor, there are no significant factual differences between the two independent contractor/employee cases before us. Therefore, for the reasons stated in *Woody v. Waibel,* decided this day, we hold that plaintiff is an employee rather than an independent contractor.

Reversed.