Argued May 29, reversed September 19, reconsideration denied October 14, petition for review denied December 13, 1977

ATWOOD, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 75-1710-E-3, CA 7834)

CHRISTENSEN, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-513-L-3, CA 8005)
(Cases consolidated)
569 P2d 52

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on

[ 1009 ]

the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Thomas D. Melum, Medford, argued the cause for respondent. With him on the brief was Frohnmayer & Deatherage, Medford.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

This is a consolidated appeal by the State Accident Insurance Fund (SAIF) from awards of attorney fees by the circuit court in two workers' compensation cases on entry of the mandates following appeal. The claims for compensation in both cases were denied by the hearings officer, the Workers' Compensation Board and the circuit court. One claimant prevailed on appeal to this court;[1] the other appealed unsuccessfully to this court but prevailed in the Supreme Court.[2] There were no attorney fees ordered on appeal. On entry of the mandates, however, the circuit court awarded the claimants attorney fees of $2,900 and $5,250, respectively, for investigation and representation at all levels of the proceedings.

■ Attorney fees in workers' compensation cases may be awarded only when expressly authorized by statute. *Uris v. Compensation Department,* 247 Or 420, 429, 427 P2d 753, 430 P2d 861 (1967); *Schartner v. Roseburg Lumber Co.,* 20 Or App 1, 5, 530 P2d 545, 547 (1975); *Giese v. Safeway Stores,* 10 Or App 452, 461, 499 P2d 1364, 501 P2d 982, 983 *rev den* (1972); *Bailey v. Morrison-Knudsen,* 5 Or App 592, 598, 485 P2d 1254, 1256 (1971). ORS 656.386 provides the only authorization for a circuit court to award attorney fees in workers' compensation cases where a claimant brings the appeal. It reads in pertinent part:

> "(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. * * *

> "(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

---

[1] *Christensen v. SAIF,* 27 Or App 595, 557 P2d 48 (1976).

[2] *Atwood v. SAIF,* 24 Or App 803, 547 P2d 191, *reversed* 276 Or 201, 554 P2d 504 (1976).

■ In these cases, claimants did not prevail in their appeals from the board orders to circuit court. The reasoning of the circuit judge that the entry of a mandate by the circuit court after a successful appeal justifies attorney fees for having prevailed in circuit court has no support in the statute. Cases in which a claimant prevails on appeal to this court or the Supreme Court fall into the category of "all other cases" in ORS 656.386(2), in which attorney fees must be paid from the claimants' compensation awards. *Giese v. Safeway Stores,* 10 Or App 452, 461-2, 499 P2d 1364, 501 P2d 982, 983-4 (1972). The order awarding attorney fees was therefore unlawful.

Reversed.