Argued and submitted February 25, reversed April 14, 1980

In the Matter of the Compensation of
McCARTER, et al,
*Respondents,*
*v.*
CROWN ZELLERBACH CORPORATION,
*Petitioner,*

(WCB No. 77-2965, WCB No. 77-3173, CA 14976)

609 P2d 435

Ridgway K. Foley, Jr., Portland, argued the cause for petitioner. With him on the brief were Michael D. Hoffman, William H. Replogle and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Frank A. Moscato, Portland, argued the cause for respondents Hearin Products and Employers Insurance of Wausau. With him on the brief was Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Charles Paulson, Portland, waived appearance for respondent John D. McCarter.

Before Schwab, Chief Judge, Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Crown Zellerbach Corporation (Crown), a self-insured employer, appeals from an order of the Workers' Compensation Board (Board) setting aside a disputed claim settlement between Crown and claimant and remanding the case for a hearing to determine whether Crown or Employers Insurance of Wausau (Wausau), the carrier for one of claimant's previous employers, is the responsible paying party for claimant's disability. Crown also requests indemnification from Wausau for its costs of defense and attorney fees before the Board and on appeal. We reverse.

In 1977 claimant filed a workers' compensation claim (case no. 77-3173) against Crown for disability from a back injury. He also filed a claim (case no. 77-2965) against a previous employer, Hearin Products, whose carrier is Wausau, for aggravation of a 1971 back injury. A third claim (case no. 77-2966), involving a hand injury, was filed against Crown.

On September 2, 1977, pursuant to Wausau's motion, the Workers' Compensation Department designated Wausau the paying agent on the back claims pending a hearing to determine the responsible paying party and any necessary monetary adjustment between the parties. ORS 656.307. Subsequently, claimant and Crown entered into a disputed claim settlement under ORS 656.289(4) on the back injury claim, which was approved by a referee May 12, 1978. A hearing was set for July 13, 1978, to consider in tandem the hand injury claim against Crown and the back aggravation claim against Wausau. On the date of the hearing, Crown's attorney confirmed to the referee that claimant and Crown had agreed to settle the hand injury claim. This settlement was approved by the referee July 26, 1978. The parties agreed that the only remaining matter to be heard was claimant's aggravation claim (case no. 77-2965) against Wausau, and that Crown was not a party to the proceedings. The referee approved Wausau's denial of the claim in an order dated August 14, 1978.

On August 22, 1978, the referee issued an amended opinion and order correcting errors in the original order regarding the date of Wausau's original denial of the aggravation claim. On August 29, 1978, the referee issued a second amended opinion and order making further corrections of the same nature.

On September 27, 1978, Wausau mailed a request for review of the referee's order, contending that the referee erred in failing to order Crown to reimburse Wausau for payments made pursuant to the Department's order under ORS 656.307. Crown moved to dismiss the request for review on the grounds that the request was not timely and Crown was not a party to the proceedings before the referee. The Board denied the motion, and subsequently issued an order (1) setting aside the disputed claim settlement between Crown and claimant, and (2) remanding the matter for a hearing to determine the necessity of any monetary adjustments between Crown and Wausau on the back disability claims. From this order Crown appeals.

At the July 13, 1978, hearing, the following colloquy took place involving the referee and the attorneys for Crown and Wausau:

"MR. HOFFMAN: * * * I am Michael Hoffman, representing Crown Zellerbach on Case No. 77-3173, and that case was dismissed by joint petition and Order of bona fide dispute settlement and signed by Administrative Law Judge Drake on May 12, 1978. We were not listed as being a party to the present case. However, there had been some correspondence floating around, and in the present case I am here to make sure that we are not joined as a party. We, of course, take the position there is not jurisdiction to retain us in this case, nor can there be any further responsibility.

"[REFEREE]: I think the problem is, there has been some correspondence, and I believe on June 19, 1978, I wrote to all the parties advising them basically what you have said. The confusion has been caused by the fact there was a case involving extent of disability to a hand to which Crown Zellerbach was

a party because it was the same claimant. They were set in tandem, listing all parties who are present as parties, so this Hearing also listed Crown Zellerbach and sent to Spaulding, Kinsey, Williamson and Schwabe, attorneys for Crown Zellerbach. I sent a letter, as I indicated, the hand case was separate, as I viewed the matter, Crown Zellerbach was not a party to 77-2965. I stated in that letter, if anyone disagreed with my assessment of the issues and were not parties, so advise. It is my understanding what is before me is Case No. 77-2965, to which the parties are the claimant and Hearin Products and Employers of Wausau, is an appeal from a denial of an aggravation claim and whether claimant's condition resulting from injury of September 13, 1971 has, in fact, worsened or become aggravated.

"MR. MOSCATO [attorney for Wausau]: That's correct. I would like to make a statement for the record. What has happened, claimant brought a claim for injury on a February, 1971, accident, that's Hearin Products, Case No. 77-2965. Claimant also filed a claim for a February 10, 1977 injury, goes back with Crown Zellerbach—correction, February 21, '77.

"Then on the 2nd of September, 1977, Compliance Division issued a 307 Order directing Employers Insurance of Wausau to make payment pending determination of the claim. Subsequent to that, the disputed claim settlement was entered into between Crown Zellerbach and claimant, and the concern then, should my clients prevail, would they have the right to collect the monies paid under the 307 Order, and I think that's something you will find pending. I think that sets the record straight.

"[REFEREE]: That is my understanding, once this case is resolved by whatever is the final decision, that any application for reimbursement would be made by the carrier to Compliance or to the Department. That's not to say there is some problem there, maybe other rights after that. At least at this juncture I would not be dealing with that question. The question before me is one of an aggravation claim.

"MR. MOSCATO: Correct.

[909]

"MR. HOFFMAN: If that's the case, I assume you're not taking jurisdiction over Crown Zellerbach, whatsoever. If I may be excused?

"[REFEREE]: You may be excused, and you're correct."

Thus, Wausau judicially admitted that the referee lacked jurisdiction over Crown in the hearing on case no. 77-2965 and that any question of reimbursement would be determined at a subsequent proceeding. Wausau, therefore, failed at the hearing to preserve the issue of reimbursement from Crown. Since Crown was not a party to case no. 77-2965, the only matter before the Board, the Board lacked jurisdiction over Crown on review.

Further, the Board also erred in setting aside the disputed claim settlement between Crown and claimant. That settlement was not challenged by either Crown, Wausau, or claimant, and was not before the Board.[1]

Attorney fees in workers' compensation proceedings may be awarded only when expressly authorized by statute. *Atwood/Christensen v. SAIF*, 30 Or App 1009, 569 P2d 52, *rev den* (1977); *Giese v. Safeway Stores*, 10 Or App 452, 499 P2d 1364, 501 P2d 982 (1972). Crown points to no specific statutory authority entitling it to such recovery.

Reversed.

---

[1] Wausau may still obtain from the Administrative Fund reimbursement for payments made pursuant to the ORS 656.307 order. ORS 656.307(1).