On petitioner's petition for attorney fees filed April 1, claimant's attorney awarded $3,020 attorney fee May 26, reconsideration denied July 29, petition for review denied September 21, 1982 (293 Or 521)

In the Matter of the Compensation of
Walter Hubble, Claimant.
## HUBBLE,
*Petitioner,*
*v.*
## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(WCB Case No. 79-10883, CA A21021)

647 P2d 474

Rolf Olson and Olson, Hittle & Gardner, Salem, for petition.

Darrell Bewley, Appellate Counsel for State Accident Insurance Fund Corporation, Salem, contra.

Before Thornton, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This matter comes before us on petitioner's petition for attorney fees and respondent's objection thereto. The issue is whether petitioner is entitled to an award of attorney fees for legal services rendered at the referee level and before the Workers' Compensation Board (Board) as a part of the fee awarded by this court pursuant to ORS 656.386.[1]

Petitioner's knee injury was found to be non-compensable by the referee; the Board affirmed that determination. We reversed and instructed the Board to allow the claim. *Hubble v. SAIF,* 56 Or App 154, 641 P2d 593 (1982).

Respondent objects to the award of fees for legal services performed at the referee level and before the Board on the ground that petitioner did not prevail at either of those levels. Respondent cites three opinions of this court in support of its objection: *Schartner v. Roseburg Lumber Co.,* 20 Or App 1, 530 P2d 545 (1975); *Giese v. Safeway Stores,* 10 Or App 452, 499 P2d 1364, 501 P2d 982 (1972); and *Bailey v. Morrison-Knudsen,* 5 Or App 592, 485 P2d 1254 (1971). None of the cited cases controls the determination of the issue before us.

*Bailey v. Morrison-Knudsen, supra,* did not involve a denied claim. In that case claimant was awarded 25 percent unscheduled disability by the administrative determination order. The referee found the claimant to be permanently and totally disabled. On review, the Board reduced the award of disability from permanent total

---

[1] ORS 656.386 provides:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the Court of Appeals from a board order denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer.

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

disability to permanent partial disability of 160 degrees unscheduled disability. The claimant appealed to the circuit court, which found him to be permanently and totally disabled. The employer appealed from that judgment to this court; the claimant cross-appealed, contending that the circuit court erred in refusing to award an attorney fee in addition to the disability award. On the attorney fee issue, this court affirmed the circuit court, holding that ORS 656.386[2] did not apply, because the Board order appealed from did not deny the claimant's claim but merely reduced it. Although we recognized the merit of claimant's argument that it was inequitable to require the claimant to compensate his attorney from his disability award in these circumstances, we left it to the legislature to remedy that inequity. *5 Or App at 600.*

In *Giese v. Safeway Stores, supra,* the claimant petitioned this court for attorney fees to be paid by his employer for his successful appeal to this court from an adverse judgment of the circuit court and for his unsuccessful appeal to the circuit court from the adverse decision of the Board. We denied the petition, holding that the statute did not authorize an award of an attorney fee on appeal from the circuit court to this court and that the claimant was not entitled to recovery of an attorney fee in circuit court, because he had not prevailed there.[3]

---

[2] ORS 656.386, prior to amendment, Or Laws 1977, ch 804, § 14, provided:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review of the board itself, then the referee or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing. employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

[3] *See* n 2, *supra.*

In *Schartner v. Roseburg Lumber Co., supra,* the claimant, widow of a deceased workman, appealed the judgment of the circuit court denying her claim for death benefits after the referee and the Board had held the claim compensable. We reversed the circuit court. The claimant argued that success in this court should entitle her to recover attorney fees for all lower proceedings. We did not allow recovery. ORS 656.386 still did not allow an award of attorney fees by the Court of Appeals.[4] The claimant, as in *Giese v. Safeway Stores, supra,* had not prevailed in the circuit court and, consequently, was not entitled to an award of an attorney fee in that court.

Two other cases, not cited by respondent, also bear on this issue. They are *Atwood/Christensen v. SAIF,* 30 Or App 1009, 569 P2d 52, *rev den* 280 Or 521 (1977), and *Korter v. EBI Companies, Inc.,* 46 Or App 43, 610 P2d 312 (1980). *Atwood/Christensen* was a consolidated appeal by SAIF from awards of attorney fees by the circuit court on entry of mandates following appeals. One claimant prevailed on appeal in this court; the other appealed unsuccessfully to this court but prevailed in the Supreme Court. No attorney fee was awarded on either appeal, but, on entry of the mandates, the circuit court awarded attorney fees for representation at all levels of the proceedings. The circuit judge reasoned that the entry of mandates by the circuit court after successful appeals justified awards of attorney fees for having prevailed in the circuit court. We reversed, because the claimants had not prevailed in their appeals from the Board to the circuit court. ORS 656.386 did not then provide for an award of attorney fees on appeal to this court.[5]

By the time *Korter v. EBI Companies, Inc., supra,* was decided, ORS 656.386 had been amended.[6] In *Korter* the referee found that the claimant's claim was compensable, that the claimant was entitled to interim compensation and that the rate of compensation for temporary total disability should be recalculated; claimant was awarded an

---

[4] *See* n 2, *supra.*

[5] *See* n 2, *supra.*

[6] *See* n 1, *supra.*

attorney fee. The Board disallowed the claim and the award of an attorney fee, but affirmed the balance of the referee's order. We concluded that the claimant's disability was compensable and reinstated the referee's award of an attorney fee. On review here the claimant contended that the Board erred in not granting him an attorney fee at the Board level. We affirmed the Board in that regard and found ORS 656.386(1) not applicable, because the claimant did not finally prevail before the Board and because the appeal to the Board was not based on a denial of the claim by the referee. The claimant in *Korter* did not raise the issue we have before us in this case: whether claimant is entitled to recover fees for attorney's services rendered at the referee and Board levels as a part of the fee allowed in this court. We think he is so entitled.

ORS 656.386 simply provides that when a claim has been denied by the Board but the claimant prevails on review in this court we must allow a reasonable attorney fee. The statute does not expressly limit the fee to compensation for legal services rendered only in this court, and we find no such limit implied in the statutory language. We construe the statute to allow the award of attorney fees by this court for legal services rendered at both the referee and Board levels, as well as for those rendered in this court.[7]

---

[7] ORS 656.388(1) provides:

"No claim for legal services or for any other services rendered before a referee or the board, as the case may be, in respect to any claim or award for compensation, to or on account of any person, shall be valid unless approved by the referee or board, or if proceedings on appeal from the order of the board in respect to such claim or award are had before any court, unless approved by such court."

The language of that section would appear to require that any fees awarded for services rendered before the referee or the board must be approved by the referee or the board.

ORS 656.388(1) was originally enacted in 1933 as Or Laws 1933, ch 115. At that time, attorney fees were payable only from the compensation awarded a claimant. ORS 656.386, providing for payment of attorney fees by the insurer or employer in cases where a claimant prevails on a denied claim, was not passed until 1951. Or Laws 1051, ch 330. *See Franklin v. State Ind. Acc. Com.,* 202 Or 237, 239-40, 274 P2d 279 (1954).

The purpose of the legislature in 1933, in enacting what is now ORS 656.388(1), was to protect injured workmen, because all attorney fees were paid out of injured workmens' awards, by requiring that claims for attorney fees be

There are several reasons for our holding. First, the statute provides for a "reasonable" attorney fee. Before a case can get to this court, most, if not all, of the work performed by the attorney will have been completed; in most cases it will have been completed prior to the referee's hearing. Most of the appellate-type legal work will have been done in preparing briefs for the Board. The services rendered in this court will ordinarily represent but a fraction of the total services for which an attorney is entitled to be compensated. Allowing a claimant's attorney payment for only that fraction would not amount to "a reasonable attorney fee." The claimant would be required to pay the larger portion of the fees charged by his attorney out of his award pursuant to ORS 656.386(2), even though denial of his claim was improper. It is unlikely that the legislature intended such a result in light of its statement of objectives of the Workers' Compensation Law. ORS 656.012(2).[8]

Second, in cases where a claimant seeks only medical benefits, he might well lose more in out-of-pocket payments to his attorney for legal services at the referee and Board levels than he would gain from this court's final

---

subject to supervision by State Industrial Accident Commission (now by the referee or the board) or by the court. *Cox v. State Ind. Acc. Com.*, 168 Or 508, 529, 121 P2d 919, 123 P2d 800 (1942). ORS 656.388(1) still serves that function of providing supervision of awards of attorney fees to be paid from claimants' awards of compensation. ORS 656.386(2). However, it does not apply to awards made pursuant to ORS 656.386(1).

[8] ORS 656.012(2) provides, in pertinent part:

"[T]he objectives of the Workers' Compensation Law are declared to be as follows:

"(a) To provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and fair, adequate and reasonable income benefits to injured workers and their dependents;

"(b) To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable;

"(c) To restore the injured worker physically and economically to a self-sufficient status in an expeditious manner and to the greatest extent practicable; and

"(d) To encourage maximum employer implementation of accident study, analysis and prevention programs to reduce the economic loss and human suffering caused by industrial accidents."

determination that the medical expenses were compensable. Surely, that was not the legislature's intent.[9]

Finally, as we have already recognized in *Korter v. EBI Companies, Inc., supra,* where a claimant prevails in this court on review of a claim accepted by the referee but denied by the Board, he is entitled to an attorney fee for legal services at the referee level. In *Korter,* the claimant did not ask this court to allow an attorney fee for representation before the Board; instead, he appealed the failure of the Board to award him a fee. We properly held that the Board could not award the fee. We did not conclude that this court could not allow his attorney a fee for those services.

We hold that an attorney fee allowed by this court, where the claimant appeals from a Board order denying his claim for compensation, may include reasonable fees for legal services performed in representation of the claimant at the hearing before the referee and in the review by the Board. We find $3,020 to be a reasonable fee to be allowed claimant's attorney in this case and award that amount to be paid by respondent.

Thornton, J., concurs in the result.

---

[9] *See* n 7, *supra.*